

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/08

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street, 3rd Floor
New York, New York 10007

**MEMO ENDORSED**

April 14, 2008

BY HAND

Honorable William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

*Application granted.*
**SO ORDERED:**

[signature] *The pre-motion conference shall take place May 2, 2008 at 12:00 p.m.*

WILLIAM H. PAULEY III U.S.D.J.

Re: Den Hollander v. USA, et al.
08 Civ. 1521 (WHP)

Dear Judge Pauley: 4/17/08

I am writing respectfully to request that the Court schedule a pre-motion conference, pursuant to Rule 3.A of Your Honor's Individual Rules, to discuss the filing by the Government of a motion to dismiss the complaint for lack of subject matter jurisdiction, and for failure to state a claim. I further respectfully request that the Court extend the Government's time to file its motion from April 15, 2008 (the date the answer is currently due) to a date to be set at the conference.

Plaintiff Roy Den Hollander filed a "Complaint for Declaratory Relief," against the United States, the Director of U.S. Citizenship and Immigration Services ("USCIS"), and the Director of the Executive Office for Immigration Review ("EOIR"). He seeks a "judgment declaring that certain provisions of the Violence Against Women Act ("VAWA"), the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), and the Immigration and Nationality Act ("INA") on their face, [or] as applied," are unconstitutional. See Complaint ("Cmplt") ¶ 1. In particular, he contends that these statutory provisions abridge his "rights to freedom of speech, freedom of choice in marital relationships, right of access to deportation hearings, procedural due process, and equal protection under the law in violation of the First and Fifth Amendments to the United States Constitution." Id.

**Plaintiff's Challenges to the VAWA Provisions**

VAWA added several provisions to the INA, which, *inter alia*, permit an alien spouse who has been battered or subjected to extreme cruelty to pursue an application for lawful permanent residence independently of her (or his) U.S. citizen spouse. See, e.g., 8 U.S.C. §§ 1154(a)(1)(A)(iii)-(vii), (a)(1)(B)(ii)-(iii) (allowing alien to self-petition for immigrant visa classification); 1229b(b)(2) (providing relaxed requirements for cancellation of removal applications of battered spouses). In addition, IIRIRA added a provision to the INA that precludes the Attorney General from (1) making an adverse determination of an alien's removability based solely on information furnished by the battering spouse; or (2) disclosing

"information which relates to an alien who is the beneficiary of an application for relief" under one of the provisions added by VAWA. 8 U.S.C. § 1367(a)(1)-(2).

Plaintiff alleges that he married Alina Shipilina ("Shipilina"), a Russian citizen, in Moscow in March 2000, and that she accompanied him to the United States on a nonimmigrant visa. See Cmplt ¶¶ 23-26. When the marriage fell apart – thereby preventing Shipilina from obtaining permanent residence through a marriage-based petition – she allegedly "fabricate[d] an alternative means to permanent residency using the VAWA abused wife route." Cmplt ¶¶ 32-24. To this end, she allegedly sought an order of protection from Plaintiff, accusing him of harassment, stalking, and assault. Cmplt ¶¶ 36-37. Plaintiff states that he and Shiplina were divorced in December 2000. Cmplt ¶ 39. He believes that Shipilina later acquired lawful permanent residence in the United States, through one of the applications provided for by VAWA. Cmplt ¶ 53. Because 8 U.S.C. § 1367(a)(2) requires that information relating to such applications be kept confidential, however, Plaintiff cannot be certain of what application or evidence she submitted to USCIS. Cmplt ¶¶ 52-57.

Plaintiff contends that, in granting any application filed by Shipilina, USCIS necessarily relied on unreliable adverse allegations against him. Cmplt. ¶¶ 55-59. Accordingly, he claims that the VAWA procedures abridge his First and Fifth Amendment rights in that they: (1) require USCIS to credit evidence submitted by Shipilina, an alien female, over evidence submitted by Plaintiff, a U.S. citizen male, see Cmplt ¶¶ 86-87, 97-98; (2) deny him access to that evidence, Cmplt ¶¶ 74-85; and (3) burden his freedom of speech by "using the vague and overbroad standards of 'battery,' 'extreme cruelty,' and 'overall pattern of violence' to find him guilty of such." Cmplt ¶ 130. He also contends that the VAWA provisions equate to "bills of attainder against U.S. citizen husbands," in that they "limit their freedom of choice to wives in America because marriage to and divorce from an alien wife makes any citizen husband susceptible to false allegations of 'battery' and 'extreme cruelty' without any Constitutional recourse to disprove those allegations." Cmplt ¶¶ 132, 142.

**Dismissal for Lack of Subject Matter Jurisdiction**

The complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, for several reasons. First, Plaintiff has failed to state a valid basis for subject matter jurisdiction on the face of his complaint. The only stated basis for jurisdiction is 28 U.S.C. § 1331, the federal question statute, which is insufficient on its own to confer jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (no federal question jurisdiction where claim "'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous'") (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)); see also Franchi v. Manbeck, 947 F.2d 631, 633 (2d Cir. 1991) (to establish federal question jurisdiction, complaint must allege that "some right or interest will be defeated or sustained by a particular construction" of the Constitution or a statute). Plaintiff has not alleged that he has any right or interest that could be abridged by any particular construction of the VAWA or INA.

Moreover, any action against the United States and/or its agencies – here, USCIS and EOIR – is barred by sovereign immunity, absent an express waiver. See United States v. Mitchell, 445 U.S. 535, 538 (1980). It is well established that the federal question statute "is in no way a general waiver of sovereign immunity," and that the waiver must be explicit in the statute giving rise to the cause of action. Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir. 1980). No explicit waiver exists here.

Second, Plaintiff has not alleged an injury in fact sufficient to establish a "case or controversy," and therefore cannot establish standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (fundamental requirement of standing is that the plaintiff demonstrate that he has suffered or will suffer a concrete and particularized "injury in fact," i.e., an injury that is actual or imminent, not conjectural or hypothetical). Plaintiff contends that USCIS "created documents and records" based on "false and misleading" allegations about him, and "found [him] guilty of 'battery' and 'extreme cruelty.'" Cmplt ¶¶ 56, 59. He further implies that the existence of such records could "ruin[] his reputation." Cmplt ¶ 138. He does not, however, contend that he was subjected to any civil or criminal penalties as a result of his ex-wife's allegations. Nor could he, when none of the statutory provisions at issue provide for penalties against the alleged battering spouse. Moreover, Plaintiff does not allege that any records pertaining to him have been, or are likely to be, disclosed to the public. Nor could he, as the primary statutory provision he challenges, 8 U.S.C. § 1367(a)(2), requires that such records be kept confidential. Because Plaintiff's only allegations of harm are subjective and speculative, he has not established a "justiciable controversy." New Alliance Party v. FBI, 858 F. Supp. 425, 430 (S.D.N.Y. 1994) (citing Laird v. Tatum, 408 U.S. 1, 14 (1972)).

**Dismissal for Failure to State a Claim: No Plausible Claim of Injury**

For similar reasons, the Court should find that Plaintiff has failed to state a claim upon which relief can be granted, and dismiss the complaint under Rule 12(b)(6). Dismissal is appropriate where the complaint fails to state a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 & n.3 (2007). To state a claim adequately, a complaint's factual allegations must be enough to render a plaintiff's entitlement to relief plausible, rather than speculative, on the assumption that the facts alleged are true even if doubtful. Id. at 1965; see also Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (requiring that complaint allege facts which "actively and plausibly suggest" defendant violated law).

Here, Plaintiff's allegations are insufficient to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. To the extent he asserts a procedural due process claim based on the threat of harm to his reputation, such a claim is insufficient absent some showing of a specific deprivation, whether actual or imminent. See Valmonte v. Bane, 18 F.3d 992, 1001-02 (2d Cir. 1994). The mere existence of records in USCIS' possession, absent any suggestion that they have been or will be disclosed, or what deprivation Plaintiff would thereby suffer, is insufficient to establish the denial of a protected liberty interest. See id.; see also Levine v. Morgenthau, No. 95 Civ. 8529, 1996 WL 396119, at *5-6 (S.D.N.Y. July 16, 1996) (PKL) (police's mere maintenance of arrest records, where charges were later withdrawn, did not support cause of action). It is likewise insufficient to support a First Amendment claim. See Rattner v. Netburn, 930 F.2d 204, 208 (2d Cir. 1991) (claim dismissed absent allegations of any government actions that could reasonably be interpreted as either an explicit or implicit threat of prosecution). Finally, Plaintiff also has not stated a claim for equal protection under the Fifth Amendment, because he and his ex-wife are not similarly situated in the context of her removal proceedings. See Jankowski-Burczyk v. INS, 291 F.3d 172, 176-78 (2d Cir. 2002) (citing Able v. United States, 155 F.3d 628, 631 (2d Cir. 1998) (it is well established that "'the government can treat persons differently if they are not similarly situated'").

I thank the Court for its consideration of this request, and further request that the Court direct this letter to be docketed as part of its record in this action.

>                          Respectfully,
>
>                          MICHAEL J. GARCIA
>                          United States Attorney
>
>                   By:    _____
>                          NATASHA OELTJEN
>                          Assistant United States Attorney
>                          Tel. No.: (212) 637-2769

cc:   By Regular Mail

Roy Den Hollander, Esq.
545 East 14th Street, #10D
New York, NY 10009

-4-