UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ROY DEN HOLLANDER, SEAN MOFFETT, :
BRUCE CARDOZO, DAVID BRANNON,
                                :
                                     08 Civ. 1521 (WHP)
              Plaintiffs,       :
                                     MEMORANDUM & ORDER
        -against-               :

MICHAEL CHERTOFF et al.,        :

              Defendants.       :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Roy Den Hollander ("Hollander"), Sean Moffett ("Moffett"), Bruce Cardozo ("Cardozo"), and David Brannon ("Brannon") bring this putative class action seeking a declaratory judgment that certain provisions of the Violence Against Women Act ("VAWA"), the Illegal Immigration Reform and Immigrant Responsibility Act, and the Immigration and Nationality Act, unconstitutionally discriminate against American men. Plaintiffs also seek injunctive relief. Defendants move to dismiss pursuant to Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, Defendants' motion to dismiss for lack of standing is granted.

BACKGROUND

I. VAWA

        Pursuant to VAWA, an alien spouse can file a petition with the Attorney General for immigrant classification (the "VAWA Process"). See 8 U.S.C. § 1154(a)(1)(A)(ii). The VAWA Process allows non-citizens who have been subjected to domestic violence to legalize

1

their immigration status without the abusive spouse's participation. The alien spouse must show, inter alia, that she has been battered by a citizen or lawful permanent resident spouse during the marriage. See 8 C.F.R. § 204.2(c)(1)(i).

VAWA prevents the Attorney General or any federal agency from making an "adverse determination of admissibility or deportability of an alien . . . using information furnished solely by . . . a spouse or parent who has battered the alien or subjected the alien to extreme cruelty." 8 U.S.C. § 1367(a)(1). It also prevents the Attorney General from permitting "use by or disclosure to anyone . . . of any information which pertains to an alien who is the beneficiary" of a VAWA application. 8 U.S.C. § 1367(a)(2). However, there are certain limited exceptions to non-disclosure. Plaintiffs challenge those provisions that allow: (1) disclosure by the Attorney General to law enforcement officers for law enforcement purposes; (2) disclosure by the Attorney General to Federal, State, and local agencies for eligibility determinations under the statute; and (3) disclosure by government entities to nonprofit victims' service providers for the purpose of assisting victims. See 8 U.S.C. § 1367(b).

II. The Amended Complaint

On a motion to dismiss, the allegations of the Amended Complaint are accepted as true. While neither a model of clarity, nor a "short and plain statement" as envisioned by Rule 8, the pertinent factual assertions for each Plaintiff are summarized below.

A. Roy Den Hollander

In October 2000, Hollander sought to divorce his wife, a Russian citizen, and refused to sponsor her for permanent residency. (First Amended Class Action Civil Rights Complaint dated May 2, 2008 ("Compl.") ¶¶ 64-66). She then utilized VAWA to seek

2

permanent residency by filing a complaint falsely accusing Hollander of extortion and threats. (Compl. ¶ 67.) In January 2001, she obtained a temporary order of protection against Hollander, which was later dismissed for failure to prosecute. (Compl.. ¶ 69.)

### B. Sean Moffett

In May 2007, Moffett's wife, a Guatemalan citizen, accused Moffett of assault and had him arrested. (Compl. ¶ 89.) Moffett spent three nights in jail, while his wife "looted his bank account." (Compl. ¶ 90.) The couple divorced in April 2008. (Compl. ¶ 94.) Moffett alleges that his ex-wife is currently pursuing permanent residency through the VAWA Process. (Compl. ¶ 95.)

### C. Bruce Cardozo

Cardozo's wife, a non-citizen, obtained a temporary order of protection by falsely claiming that Cardozo "beat her on a monthly basis." (Compl. ¶ 105.) Cardozo asserts that he could not change jobs for four years because "corporations check whether applicants have restraining orders filed against them, and if so, usually deny them a job." (Compl. ¶ 108.) Cardozo's wife "subsequently used VAWA to acquire permanent residency." (Compl. ¶ 110.)

### D. David Brannon

In connection with a divorce proceeding, Brannon's wife, a Russian citizen, accused him of "threatening to kill her" and obtained an order of protection, forcing him out of his home. (Compl. ¶¶ 119-20.) Brannon also alleges that his alien wife is seeking permanent residency through the VAWA Process. (Compl. ¶ 125.)

Plaintiffs claim that VAWA's non-disclosure and evidentiary requirements deprive them of due process. Specifically, they assert that they are prevented from participating in proceedings in which they are "accused of and adjudged responsible for 'battery,' 'extreme

3

cruelty,' [or an] 'overall pattern of violence.'" (Compl. ¶ 145.) They also claim that the exceptions in VAWA for disclosure of spousal abuse have harmed their reputations.

Plaintiffs assert two equal protection claims: (1) that VAWA's protections apply only to alien spouses but not U.S. citizens, (Compl. ¶¶ 158-59); and (2) that because VAWA is used overwhelmingly by alien females against their citizen male husbands, it discriminates on the basis of gender, (Compl. ¶¶ 160-61).

Plaintiffs also allege First Amendment claims, asserting that the terms "battery," "extreme cruelty," and "overall pattern of violence" are vague and overbroad and "effectively deter or chill a class members' freedom of speech." (Compl. ¶ 197.)

Finally, Plaintiffs contend that VAWA constitutes a bill of attainder because it "overwhelmingly punish[es] an unpopular group," namely American men who "look overseas for wives." (Compl. ¶ 205.)

DISCUSSION

I. Legal Standard

Article III standing is "the threshold question in every federal case, determining the power of the court to entertain suit." Ross v. Bank of Am., N.A. (USA), 524 F.3d 217, 222 (2d Cir. 2008) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)) (internal quotation marks and citation omitted). "A court presented with a motion to dismiss under both Rule 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." Adamu v. Pfizer, Inc., 399 F. Supp. 2d 495, 500 (S.D.N.Y. 2005).

In considering a Rule 12(b)(1) motion, all facts alleged in the complaint are taken

4

as true and all reasonable inferences are drawn in Plaintiffs' favor. Bldg. & Const. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc., 448 F.3d 138, 144 (2d Cir. 2006). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Raila v. U.S., 355 F.3d 118, 119 (2d Cir. 2004). However, "the standing inquiry has been especially rigorous when reaching the merits of the dispute would force the court to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." Nat'l Council of La Raza v. Gonzales, 468 F. Supp. 2d 429, 436 (E.D.N.Y. 2007) (quoting Raines v. Byrd, 521 U.S. 811, 819-20 (1997)), aff'd, 283 Fed. App'x 848 (2d Cir. 2008).

To establish standing under Article III, Plaintiffs bear the burden of demonstrating: (1) an injury-in-fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) causation; and (3) that it is likely, not speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

A. Injury-in-Fact

The injury-in-fact prong requires a plaintiff to establish he has "sustained or is immediately in danger of sustaining some direct injury . . . that must be both real and immediate." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (internal quotation marks and citations omitted). "Allegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm[.]" Laird v. Tatum, 408 U.S. 1, 13-14 (1972) (internal quotation marks omitted). With respect to a class action, the named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which

5

they purport to represent." Doe v. Blum, 729 F.2d 186, 190 n.4 (2d Cir. 1984) (citing Warth, 422 U.S. at 502).

That the VAWA Process excludes Plaintiffs does not constitute an injury-in-fact. Plaintiffs point to no element of the VAWA statutory scheme that results in any actual detriment to them. VAWA does not provide for criminal or civil proceedings against Plaintiffs, and no such proceeding is alleged to have been instituted against any of them. Instead, Plaintiffs argue that the VAWA Process encourages fraudulent police complaints, arrests, and temporary restraining orders. However, that prospective harm can be addressed in state court proceedings. See Nat'l Council of La Raza, 468 F. Supp. 2d at 439 (finding no injury where plaintiff members who were detained for their immigration status would have due process opportunities to challenge the basis of their arrest).

The VAWA Process provides a mechanism to adjudicate an alien spouse's petition for immigrant classification. No determination is made regarding Plaintiffs alleged conduct and, contrary to the Amended Complaint, they are not "adjudged responsible." (Compl. ¶ 145.) That each of the plaintiffs may desire to see his former spouse deported is not a cognizable interest sufficient to confer standing. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.").

Plaintiffs also fail to allege an injury-in-fact resulting from the disclosure of alleged domestic abuse by their alien spouses in the VAWA Process. None of the Plaintiffs alleges that any disclosure in fact occurred, or that any government entity has threatened to authorize such disclosure. Thus, any alleged injury is purely speculative. See Lyons, 461 U.S. at 102; see also Nat'l Council of La Raza, 468 F. Supp. 2d at 441 ("[S]tylizing a speculative

6

injury as a present fear that the ultimate harm might occur does not change the conjecture of a future harm into an injury-in-fact.").

Similarly, Plaintiffs do not allege injury-in-fact with respect to their First Amendment or Bill of Attainder claims. See Laird, 408 U.S. at 13 ("[T]o entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action . . . .") (quoting Ex parte Levitt, 302 U.S. 633, 634 (1937)). The Amended Complaint is bereft of any such allegation.

Accordingly, Plaintiffs fail to meet their burden of establishing an injury-in-fact sufficient to support Article III standing.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of Article III standing is granted. The Clerk of Court is directed to mark this case closed.

Dated:   December 3, 2008
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Roy Den Hollander
545 East 14th Street, 10D
New York, NY 10009
*Plaintiff Pro Se*

Natasha Oeltjen, Esq.
Office of the U.S. Attorney
86 Chambers Street
New York, NY 10007
*Counsel for Defendants*