08-6183-cv
Den Hollander v. United States of America

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 29 JAN 2010

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand nine.

Present:

    AMALYA L. KEARSE,
    ROBERT A. KATZMANN,
    PETER W. HALL,
        *Circuit Judges.*



FILED DEC 03 2009

ROY DEN HOLLANDER, SEAN MOFFETT, BRUCE CARDOZO, and DAVID BRANNON,

    *Plaintiffs-Appellants,*

    v.                                                 No. 08-6183-cv

UNITED STATES OF AMERICA, DIRECTOR OF THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR OF THE DEPARTMENT OF HOMELAND SECURITY, and DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION,

    *Defendants-Appellees.*

ISSUED AS MANDATE: January 26, 2010

| | |
|---|---|
| For Plaintiffs-Appellants: | ROY DEN HOLLANDER, New York, NY |
| For Defendants-Appellees: | NATASHA OELTJEN, Assistant United States Attorney (for Preet Bharara, United States Attorney for the Southern District of New York), New York, NY |

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs Roy Den Hollander, Sean Moffett, Bruce Cardozo, and David Brannon appeal from the decision of the district court dismissing their suit pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing. We assume the parties' familiarity with the facts and procedural history of the case.

Plaintiffs argue that they have standing to bring suit because the Violence Against Women Act, by allowing aliens who have been battered or subject to extreme cruelty by their spouses to self-petition for legal permanent resident status, created incentives for their alien wives and ex-wives to file false police complaints and false applications for temporary restraining orders against them. This argument lacks merit because plaintiffs' injury is not fairly traceable to defendants, but to the independent actions of their wives or ex-wives who are not before this Court. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-43 (1976). The links in the chain of causation here, which depend upon the independent actions of (1) plaintiffs' wives or ex-wives, (2) state courts and state officials, and in some cases (3) private employers are too attenuated and too numerous to satisfy the standing requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("the injury has to be fairly traceable to the challenged action

-2-

of the defendant, and not the result of the independent action of some third party not before the court") (quotation marks and alterations omitted). Moreover, similar "incentive" arguments have been rejected as a basis for establishing causation. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973) (concluding that the incentive created by the prospect of jail time was not sufficient to support finding that requested prosecution would result in the payment of child support).

Plaintiffs further argue that the government or third parties have or will disseminate information about them that was gathered during the self-petitioning process, harming their reputation and privacy. Plaintiffs fail to state an injury-in-fact, however, because this injury is purely speculative—plaintiffs have failed to allege that any information concerning them has or will likely be disseminated. *See Lujan*, 504 U.S. at 560 (an injury must be "actual or imminent, not conjectural or hypothetical") (internal quotation marks omitted). While the Violence Against Women Act does permit limited disclosure of information to certain third parties such as agencies that provide public benefits, *see* 8 U.S.C. §§ 1367(a), (b), there is no reason to believe that such information would include any information about plaintiffs themselves. Moreover, those parties to whom dissemination is permitted are bound by the statute's non-disclosure provisions. *See id.* § 1367(c). Similarly, plaintiffs' argument that they are injured because they are constrained in their marital affairs is purely speculative. Nowhere in plaintiffs' complaint do they allege that they did not divorce because of the contested provisions or would marry an alien in the future but for the contested provisions. Finally, plaintiffs are not injured by being "shut out" of the self-petitioning process because they cannot show that they have been injured as a result of the self-petitioning process.

We have considered the remainder of plaintiffs' arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: *[signature]*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *[signature]*
DEPUTY CLERK